## PEOPLE *v*. SHOEMAKER. .

1. TRIAL—APPEAL—OBJECTIONS TO TESTIMONY.
   Where no reason is given for an objection to testimony, the objection will not be considered on appeal.

2. CRIMINAL LAW—CONDUCT OF PROSECUTOR.
   A conviction will not be reversed because the prosecuting attorney, in his closing address to the jury, called respondent a "monumental liar and bluffer," where it cannot be said that there was no evidence in the case to justify the remark.

3. SAME—CREDIBILITY OF WITNESSES—INSTRUCTIONS.
   In a criminal prosecution, where respondent's counsel made a severe attack upon the police officers, it was not error to charge that: "The police department is an important part of the machinery of our government, and it is well enough to bear in mind that your homes, your lives, and your property would not be safe but for the police department and officers. It does not follow that, because an officer testifies in the court-room, his testimony is to be discarded, or any suspicion cast upon it, unless there is something about it which calls your attention to it."

Error to Washtenaw; Kinne, J. Submitted June 5, 1902. (Docket No. 94.) Decided June 17, 1902.

Frederick J. Shoemaker was convicted of horse stealing, and sentenced to imprisonment for 10 years in the State prison at Jackson. Affirmed.

*Cavanaugh & Wedemeyer*, for appellant.

*John L. Duffy*, Prosecuting Attorney, for the people.

GRANT, J. Respondent was convicted of horse stealing, under Act No. 102, Pub. Acts 1877 (3 Comp. Laws, § 11595).

1. Complaint is made of certain statements made by the prosecuting attorney in his opening to the jury. The extracts from the statement complained of are isolated from the rest of the statement, and were made, as expressly stated by the prosecuting attorney, not to influence the jury, but to explain the reason why certain witnesses would be produced. In his closing address to the jury the prosecuting attorney called the defendant a "monumental liar and bluffer." We are not prepared to say there was no evidence in the case to justify these remarks.

2. Several errors are assigned upon the admission of testimony. No reason was given for some of the objections, and such objections will not be considered. We, however, find no prejudicial error in any of the rulings upon the testimony. They are not of sufficient importance to discuss.

Evidently the attorneys for the defendant made a severe attack upon the police officers, and now complain of the following instruction:

"The police department is an important part of the machinery of our government, and it is well enough to bear in mind that your homes, your lives, and your property would not be safe but for the police department and officers. It does not follow that because an officer testifies in the court-room that his testimony is to be discarded, or any suspicion cast upon it, unless there is something about it which calls your attention to it."

We see no objection to the instruction.

We find no error upon the record, and the conviction is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.