## PEOPLE v. NOBLE

1. Criminal Law—Due Process—Detention of Defendant—Escape From Prison.

   Action of prison authorities in keeping defendant in detention for 36 days after his capture before charging and arraigning him for escape from prison was not a denial of due process of law because defendant was properly incarcerated under his original conviction and was not prejudiced by the delay in bringing the escape charge (MCLA §§ 750.193, 764.26).

2. Criminal Law—Escape From Prison—Arrest of Defendant.

   Testimony by arresting officer at defendant's trial for escape from prison that when the arrest was made defendant was advised that he was under arrest for a robbery was not grounds for a mistrial where the jury was properly instructed to disregard the reference to another crime not relevant to the escape (MCLA § 750.193).

3. Criminal Law—Escape From Prison—Confinement of Defendant—Evidence—Certified Copy of Sentence.

   A certified copy of the sentence is proper evidence that defendant was properly confined before his escape from prison; it is not necessary to introduce a certificate of confinement (MCLA § 800.50).

4. Criminal Law—Escape From Prison—Statute—Specific Intent.

   Escape from prison is not a specific intent crime (MCLA § 750.193).

---

References for Points in Headnotes

[1] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 9, 11, 17, 18.
[2] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 6, 8, 26.
[3, 5, 6] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 19.
[4] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 4, 17.

5. CRIMINAL LAW—ESCAPE FROM PRISON—DEFENSES—IRRESISTIBLE
   IMPULSE.
       Trial court's rejection of defendant's offer of evidence at his
   trial for escape from prison showing that the escape was the
   result of irresistible impulse was proper where defendant did
   not give the required four-day notice of an insanity defense
   (MCLA §§ 768.20, 768.21).

6. CRIMINAL LAW—ESCAPE FROM PRISON—DEFENSES—HOMOSEXUAL
   ATTACK.
       That defendant fled from prison to avoid homosexual attacks
   by other prisoners is not a defense to a charge of escape from
   prison (MCLA § 750.193).

Appeal from Jackson, Charles J. Falahee, J.
Submitted Division 2 June 5, 1969, at Lansing.
(Docket No. 7,026.)  Decided June 26, 1969.

Thomas L. Noble was convicted of escape from
prison. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Bruce A. Barton,*
Prosecuting Attorney, and *Paul R. Adams,* Chief
Appellate Counsel, for the people.

*Charles A. Nelson,* for defendant.

Before: LESINSKI, C. J., and QUINN and DANHOF,
JJ.

LESINSKI, C. J.  Defendant appeals his conviction
for escape from prison contrary to MCLA § 750.193
(Stat Ann 1969 Cum Supp § 28.390).

Defendant's first allegation of error is that he
was not arrested and arraigned promptly after
being captured and returned to prison. After for-
mal charges were brought, he was promptly ar-
raigned, so there is no question of a violation of

MCLA § 764.26 (Stat Ann 1954 Rev § 28.885). Defendant's real contention is that the prison authorities denied him due process of law by keeping him in detention for 36 days after his recapture before charging and arraigning him for the escape. "There is no constitutional right to be arrested." *Hoffa* v. *United States* (1966), 385 US 293, 310 (87 S Ct 408, 417, 17 L Ed 2d 374).[1] Defendant was properly incarcerated under his original conviction; we fail to see how the delay in bringing the escape charge has prejudiced him. *Cf. People* v. *Nawrocki* (1967), 6 Mich App 46, 54.

Defendant's second contention is that it was error to deny his motion for mistrial after the arresting officer testified that he placed defendant under arrest for "strong-armed robbery". The trial judge properly warned the jury to disregard this reference to another crime not relevant to the escape. Defendant argues that this warning by the judge merely "reemphasized" the error. To follow this line of reasoning, there would have to be a mistrial every time a witness misspoke, since no error could ever be cured by instructions. Such is obviously not the law. An unresponsive answer by a witness can generally be cured by proper instructions. *People* v. *Kelsey* (1942), 303 Mich 715.

Defendant next maintains that his record of conviction was not properly introduced in evidence as a "business record", so that the prosecution failed to prove that he was properly confined at the time of the escape. However, it is not necessary to introduce the certificate of confinement as a business record, since MCLA § 800.50 (Stat Ann 1954 Rev

---

[1] The Court is aware of *People* v. *Hernandez* (1968), 15 Mich App 141, which by a decision of 2 to 1 considers a delay in arrest a violation of due process. This panel does not agree with the holding of that case and will not follow it until the ruling of that case is determined controlling in similar cases by the Michigan Supreme Court.

§ 28.1419), provides that the certified copy of the sentence which is deposited with the prison warden "shall be evidence of the facts therein contained". Defendant does not contend that the document admitted was not the proper one.

Finally, defendant protests that he only fled the prison work camp in desperation to avoid homosexual attacks by other prisoners. The problem of homosexuality in the prisons is serious and perplexing, and never more so than in a case such as this where such activity is forced upon a young man against his will. However, the answer to the problem is not the judicial sanctioning of escapes. While we have no reason to doubt the sincerity of this defendant, it is easy to visualize a rash of escapes, all rationalized by unverifiable tales of sexual assault. The solution must rather come from some kind of penological reform.

Two legal theories are offered to support defendant's claim that his departure from the prison work camp should not be punished as an escape. First, he argues that he did not have the specific intent to escape. A reading of the escape statute, MCLA § 750.193 (Stat Ann 1969 Cum Supp § 28.390),[2] shows no indication that the legislature intended to make this a specific intent crime. The language is rather that of general prohibition. Defendant does not deny that he intended to leave the prison, and this is all the intent the law requires. *Cf.* 1 Gillespie, Michigan Criminal Law and Procedure, § 20. Second, defendant seeks to justify his escape as caused by an irresistible impulse. The trial court properly excluded the evidence proffered on this point, since defendant did not give the required

[2] "Any person, being imprisoned in a prison of this state for any term, who * * * shall leave said prison without being discharged from said prison by due process of law, * * * shall be guilty of a felony."

four-day notice of an insanity defense, MCLA §§
768.20, 768.21 (Stat Ann 1954 Rev §§ 28.1043, 28-
.1044). The record does not support defendant's
claim that he did not have four days' notice of the
trial date; defendant's counsel signed subpoenas on
November 14 for appearance on the trial date of
November 20.

Affirmed.

All concurred.