PEOPLE *v.* THOMAS SMITH

PEOPLE *v.* WATROS

1. RAPE—STATUTORY RAPE—EVIDENCE—SUBSEQUENT ACTS—ADMISSIBILITY.

    Evidence of subsequent acts of sexual intercourse between the prosecutrix and the defendant in a prosecution for statutory rape was relevant to show the opportunity and disposition of the parties (MCLA §§ 750.520, 768.27).

2. RAPE—STATUTORY RAPE—EVIDENCE—SUBSEQUENT ACTS—DISCRETION.

    Determination of whether to allow testimony of subsequent acts of intercourse between the defendant and the prosecutrix in a prosecution for statutory rape is discretionary with the court once the evidence's relevancy has been established; the court must weigh the probative value of the testimony against its prejudicial effect to the defendant (MCLA §§ 750.520, 768.27).

3. RAPE—STATUTORY RAPE—EVIDENCE—SUBSEQUENT ACTS—DISCRETION.

    Admitting the testimony of the 15-year-old prosecutrix in a statutory rape case concerning subsequent acts of sexual intercourse between herself and one of the defendants where the defendants were a 43-year-old man and the prosecutrix's mother, who had instructed the daughter to have sexual intercourse with the man, was not an abuse of discretion (MCLA §§ 750.520, 768-.27).

4. CRIMINAL LAW—WARNING OF RIGHTS—RIGHT TO CEASE INTERROGATION.

    A defendant need not be forewarned that police interrogation will cease if he requests it to cease; however, interrogation of

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3]  44 Am Jur, Rape §§ 76, 81.
[4]  29 Am Jur 2d, Evidence § 555 *et seq.*
[5]  21 Am Jur 2d, Criminal Law § 241 *et seq.*

the defendant must cease when he requests that the question-
ing cease.

5. Criminal Law — Arrest — Delay in Arrest — Constitutional
   Law.
   Delay between the date of offense, March 8, 1968, and the date
   of arrest, August 21, 1968, did not deny the defendants due
   process of law, because there is no constitutional right to be
   arrested.

Appeal from Kent, Roman J. Snow, J. Sub-
mitted Division 3 December 8, 1970, at Grand
Rapids. (Docket No. 8686.) Decided January 22,
1971. Leave to appeal granted August 12, 1971,
385 Mich 778.

Thomas Francis Smith and Bernice Ilean Watros
were convicted of statutory rape. Defendants
appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, and *Donald A. Johnston, III,*
Chief Appellate Attorney, for the people.

*Fred D. Falkinburg,* for defendants on appeal.

Before: Fitzgerald, P. J., and Quinn and
McIntyre,* JJ.

Quinn, J. Defendants were charged with and
tried for the statutory rape[1] of defendant Watros'
15-year-old daughter Jacqueline. They were found
guilty by a jury; they were sentenced and they
appeal.

Defendant Watros and her children, including
Jacqueline, were living with defendant Smith in a
house rented by him. Defendants decided that

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).

Jacqueline should marry defendant Smith and there is testimony indicating that Smith and Jacqueline became engaged, although she testified that she did not wish to marry Smith.

Jacqueline testified that on March 8, 1968, the defendants came to her bedroom where she was in bed. That her mother told Jacqueline to have sexual intercourse with Smith and that the act of sexual intercourse was accomplished in the presence of the mother. Although defendants agree that there were plans for Jacqueline to marry Smith, they deny that Smith had sexual intercourse with Jacqueline. Other facts pertinent to the appeal will be stated in the discussion of the issues raised on appeal.

Over objection, Jacqueline was permitted to testify to subsequent acts of sexual intercourse with Smith. On the theory that this testimony was relevant to Smith's intent, the testimony was admitted under MCLA § 768.27 (Stat Ann 1954 Rev § 28-.1050). At the time he ruled that this testimony was admissible, the trial judge said he would instruct on it, and he did. In essence, the court instructed the jury to disregard the testimony of subsequent acts of sexual intercourse, except for the limited purpose of showing the relations between the parties and Smith's opportunity to have sexual relations with Jacqueline on the occasion charged.

Defendants contend that the admission of this testimony was reversible error. We do not agree. The testimony was relevant to "opportunity and disposition of the parties". *People* v. *Askar* (1967), 8 Mich App 95. Once relevancy of the testimony is established, it is discretionary with the trial judge to admit or reject it. In exercising that discretion, he must weigh the probative value of the testimony as opposed to its prejudicial effect on defendants. *People* v. *Shaw* (1968), 9 Mich App

558. The trial judge did not abuse his discretion in this instance.

Defendant Smith claims it was reversible error to admit in evidence a statement he gave to the police because he was not advised that interrogation would cease at his request. He contends that such a warning is required by *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974). This contention is incorrect. If a defendant under interrogation requests that the interrogation cease, it must cease, but he does not have to be forewarned of that fact. *People* v. *Tubbs* (1970), 22 Mich App 549. There is no indication on this record that defendant Smith requested cessation of interrogation.

Defendants assert reversible error occurred from prejudicial remarks of the prosecuting attorney in closing argument. No objection was made to these remarks at trial, nor did defendants request an instruction on these remarks. This error is not preserved for appeal unless a showing of miscarriage of justice is made. *People* v. *Panknin* (1966), 4 Mich App 19. There is no showing of miscarriage of justice.

Defendants contend that they were denied due process of law because they were not arrested until August 21, 1968, for an offense allegedly occurring March 8, 1968. In support of this contention, they cite *People* v. *Hernandez* (1968), 15 Mich App 141. The majority opinion in *Hernandez* did hold that delay in arrest could violate due process rights. Only one judge of this Court signed that opinion and we have not found a single case which relied on *Hernandez* as precedent for the error here asserted. In *People* v. *Noble* (1969), 18 Mich App 300, three judges of this Court declined to follow *Hernandez* and held "there is no constitutional right

to be arrested". *Hoffa* v. *United States* (1966), 385 US 293 (87 S Ct 408, 17 L Ed 2d 374).

At sentencing, defendants' appointed counsel was not present but an attorney from that counsel's firm was present. Relying on *People* v. *Theodorou* (1968), 10 Mich App 409, defendants claim reversible error. In *Theodorou,* there was no representation at sentencing. The case before us is controlled by *People* v. *Edwards* (1969), 18 Mich App 526, and no error is shown.

Affirmed.

All concurred.