PEOPLE v PECK

1. INDICTMENT AND INFORMATION—WITNESSES—RES GESTAE WITNESSES—ACCOMPLICES.

A man, known only as "Al", who was mentioned frequently during defendant's trial as an eyewitness to defendant's sale of narcotics to an undercover policeman, was not a *res gestae* witness required to be indorsed on the information, but rather was an accomplice to the crime, where the undercover agent went to one address to purchase narcotics, was told by a person there that "my man will take you where it's at", and the man, "Al", led the policeman to defendant's residence where the defendant sold narcotics to both the undercover agent and "Al".

2. POISONS—NARCOTICS—EVIDENCE—OTHER CRIMINAL ACTS.

Undercover agent's testimony that he purchased narcotics from the defendant, charged with sale of narcotics, several days after the sale for which defendant was charged, that on the second occasion he gave defendant a marked bill, which

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 41.
41 Am Jur 2d, Indictments and Informations §§ 56, 60.
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 46.
[3, 4] 29 Am Jur 2d, Evidence § 326.
[5] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 44.

defendant accepted, but that an intervening police raid prevented the undercover agent from receiving the narcotics was admissible, even though the second sale was not completed, where both transactions involved defendant's receipt of money for narcotics because the acts were sufficiently related to satisfy any question as to materiality, tended to show the defendant's intent and similarity of transaction or plan or scheme and because the statute governing such evidence does not require a completed criminal act (MCLA 768.27).

3. CRIMINAL LAW—EVIDENCE—OTHER CRIMINAL ACTS—ADMISSIBILITY.

Statute allowing evidence of other acts tending to show the defendant's intent, scheme, motive, plan, or system does not require a completed criminal act; complete or incomplete criminal acts may be shown (MCLA 768.27).

4. CRIMINAL LAW—EVIDENCE—OTHER CRIMINAL ACTS—INSTRUCTIONS TO JURY.

Refusing to give a cautionary instruction limiting the use of testimony concerning another similar criminal act, introduced to show scheme or plan, immediately when the testimony had been given is not error where the judge later gives a correct instruction on the testimony's use and no request was made for an immediate instruction.

5. POISONS—NARCOTICS—ILLEGAL SALE—"GO-BETWEEN"—QUESTION OF FACT.

Determination whether defendant, charged with illegal sale of narcotics to an undercover policeman, was merely a go-between or a procuring agent who transferred the funds received from the undercover policeman to the actual seller and then carried the narcotics back to the policeman to the actual seller and then carried the narcotics back to the policeman, was a question for the trier of fact where the evidence showed that the undercover policeman gave the defendant the money, the defendant went upstairs and returned with the narcotics and the undercover agent did not see what defendant did with the money received for the drugs.

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 1 November 9, 1971, at Detroit. (Docket No. 9995.) Decided March 21, 1972.

Tyrone Peck, Jr., was convicted of an illegal sale of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Assistant Prosecuting Attorney, for the people.

*Allen J. Nelson,* for defendant.

Before: LESINSKI, C. J., and HOLBROOK and VAN VALKENBURG*, JJ.

HOLBROOK, J.    Defendant appeals his jury conviction for the sale of narcotics in violation of MCLA 335.153; MSA 18.1122. He was sentenced to a prison term of not less than 20 years or more than 30 years.

In connection with a narcotics investigation, police officer Nathaniel Albritton drove his private car to the address of 246 E. Russell Street in the City of Flint on the evening of February 13, 1970. Albritton had proceeded to that address with the intent of making a narcotic purchase. Upon arrival he was informed that nothing was happening but that "my man will take you to where it's happening, where it's at". Albritton was then joined by a man who gave his name as "Al". Al directed him to 728–1/2 E. Dayton Street, defendant's residence address. Al knocked on the door and he and Albritton were admitted by an unidentified party. The defendant came down the stairs and Albritton asked for two five-dollar packages of narcotics. Al asked to purchase a five-dollar package also and wanted to use it there but was informed he could not do so. Albritton gave defendant a $20 bill and defendant proceeded up the stairs. When he returned he gave Albritton two foil packets and ten dollars in change. Officer Albritton and Al then returned to the car,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Albritton dropped Al off on a street corner, and Al was never located thereafter.

Based on the foregoing facts, warrants were issued for the arrest of defendant and several others on Friday, March 6, 1970. In the early morning hours of March 7, 1970, a raid was conducted at 246 E. Russell Street after officer Albritton had entered and attempted to buy heroin. He was admitted by defendant and again offered to purchase two five-dollar packages of narcotics. He was offered one package, and Albritton gave defendant a marked bill.

At that point Lt. Louis Szabo, of the Flint Police Department, knocked on the back door of the E. Russell Street address. He identified himself as a police officer and stated he had a search warrant. Commotion ensued and he kicked the back door open. Inside, Willie Jones, also known as Truck, was arrested, and in his hand was found the marked bill previously given defendant. In a back room, defendant was arrested by Lt. Szabo.

On appeal defendant raises five issues which we deal with in proper order.

## I.

Was it error for the trial court to refuse to grant defendant's motion that the prosecution indorse certain *res gestae* witnesses on the information at the commencement of trial?

Defendant argues that the witness named "Al" was mentioned frequently during the course of trial as an eyewitness of the illegal sale of narcotics for which he was convicted, and was a *res gestae* witness who should have been indorsed. Defendant further argues that failure to grant defendant's motion to indorse denied him his right to a hearing on the

issue of whether a diligent search had been made to locate the witness.

We note that in denying the defendant's motion to have the witness known as "Al" indorsed on the information, the trial judge reasoned that "Al" was an accomplice to the crime and therefore not required to be indorsed.

From the evidence presented we cannot conclude that his determination was clearly erroneous. It is a fundamental rule of law that an accomplice need not be indorsed on the information. *People v Knoll*, 258 Mich 89 (1932) ; *People v Virgil Brown*, 15 Mich App 600 (1969).

## II.

Did the trial court err by admitting into evidence over defendant's objection, testimony of narcotics sales other than the one for which defendant was convicted, and further did the trial judge err in not giving a precautionary instruction thereon at the time that said testimony was admitted?

Defense counsel asked for a protective order at the beginning of trial to exclude testimony respecting the events surrounding defendant's arrest on March 7, 1970. It was argued that such testimony was irrelevant in connection with the offense charged that occurred on February 13, 1970.

The prosecution argued that such testimony would show another attempted sale and would therefore be admissible under MCLA 768.27; MSA 28.1050, which is set out herein:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident

on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

The request of defense counsel was denied on the basis of this statute.

During the trial, testimony was given by Officer Albritton indicating that he saw defendant Peck subsequent to the date of the offense charged, and on the second occasion gave defendant a marked bill for the express purpose of again purchasing narcotics, that the defendant accepted the money, but the intervening police raid prevented receipt of the drugs by Albritton.

The offense for which defendant was convicted also involved the receipt of money in exchange for narcotics. The two transactions are sufficiently related to satisfy any question as to materiality and to show intent and similarity of transaction or plan or scheme. *People* v *Anderson,* 13 Mich App 247 (1968); *People* v *Albert White,* 27 Mich App 432 (1970). The statute does not require a completed criminal act as argued by defendant. The language "any acts" found in the statute, *supra,* includes completed or incomplete criminal acts. The language of the statute is broad and the admissible acts may be prior or subsequent to the offense charged.

The defendant further contends that the trial judge erred in not giving a precautionary instruction to the jury at the time the evidence concerning the subsequent acts of defendant was introduced. We find no merit in this contention. Defendant failed to request a precautionary instruction at that time. It is clearly not error for the trial judge to refrain from giving such a precautionary instruction

at the time of the introduction of the evidence, absent a request thereto, if a precautionary instruction is given in the final instructions to the jury. *People v Kelly,* 26 Mich App 148 (1970), *aff'd* 386 Mich 330 (1971). The record discloses that the precautionary instruction which the trial judge gave in the final instructions was sufficient to protect the rights of the defendant.

## III.

Was it error for the trial judge to admit into evidence defendant's statement that he received narcotics for nothing because he helped out at 246 E. Russell Street, where narcotics had allegedly been sold?

Defendant argues that it was error to allow this testimony, but he does not cite authority to substantiate his claim. Failure to support his claim dispenses with the need for further consideration. *People v Livermore,* 9 Mich App 47 (1967).

## IV.

Does the trial record justify a conviction of illegal sale of a narcotic drug when there is evidence that indicates that defendant was a conduit or go-between?

Defendant argues that Officer Albritton, who made the purchase of heroin from him did not see what he did with the money he received. Defendant claims that it was possible that he was merely a procuring agent who transferred the funds to the real seller and then carried the drugs back to the officer.

It was considered and determined by the trier of facts; in this case the judge, because there was no jury, and he apparently decided there was no merit in this contention.

Such a determination is for the trier of facts. The judge here was in a better position to determine its merit and we accept his decision. *People* v *Doris White,* 2 Mich App 104 (1965); *People* v *Ritzema,* 3 Mich App 637 (1966).

## V.

Was the defendant's conviction unconstitutionally obtained because of inflammatory statements made during the prosecutor's argument to the jury?

After a thorough reading of the trial court record, we note that no objection was made by defense counsel at the time.

Failure to raise an objection in the trial court precludes a determination of the issue on appeal. *People* v *Hider,* 12 Mich App 526 (1968); *People* v *Lohn,* 21 Mich App 235 (1970).

Affirmed.

All concurred.