PEOPLE v RHYMES

1. CRIMINAL LAW—ARREST—DELAY—DUE PROCESS—PREJUDICE—EVIDENCE—STATEMENTS OF COUNSEL.

A finding that a defendant was not denied due process by delay of 5-1/2 months between the date of an alleged delivery of a controlled substance and the time of his arrest was proper where there was no showing of prejudice; a statement by defense counsel that defendant's memory of the events on the date of the alleged delivery was lost by reason of the delay did not show prejudice because statements of counsel are not evidence.

2. WITNESSES—EXPERT WITNESSES—PERSONAL KNOWLEDGE—DRUGS AND NARCOTICS—TESTS—EVIDENCE.

An expert witness who had not personally conducted tests for detecting a controlled substance, did have sufficient personal knowledge to render an opinion that a substance was a controlled substance where the tests were conducted by another under the expert witness's direction, supervision and presence; the fact that the tests were not personally conducted by the expert witness goes to the weight and credibility to be given the opinion.

3. WITNESSES—EXPERT WITNESSES—CREDIBILITY—JURY.

The weight and credibility of the testimony of an expert witness is for the jury.

Appeal from Lapeer, James P. Churchill, J. Submitted Division 2 April 18, 1975, at Lansing. (Docket No. 19787.) Decided June 10, 1975.

Timothy Rhymes was convicted of delivery of a controlled substance. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest § 77.

[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 46, 70.

[3] 31 Am Jur 2d, Expert and Opinion Evidence §§ 181–189.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Martin E. Clements,* Prosecuting Attorney, and *William A. Forsyth,* Assistant Prosecuting Attorney, for the people.

*Taylor & Patterson* (by *Michael P. Higgins),* for defendant.

Before: DANHOF, P. J., and BASHARA and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Defendant was tried by jury and found guilty of delivery of a controlled substance, phencyclidine, contrary to MCLA 335.341(1)(b); MSA 18.1070(41) (1)(b). He was thereafter sentenced to a term of imprisonment for not less than 1-1/2 nor more than 7 years. Defendant appeals as of right.

By complaint dated August 24, 1973, defendant was charged with the March 6, 1973, delivery of a controlled substance to one Larry Stockemer, an undercover police officer. Prior to trial defendant filed a motion to dismiss claiming that the 5-1/2 month delay between the date of commission of the alleged offense and the date of arrest constituted a denial of due process of law in that prejudice resulted because of defendant's inability to recall what he did on the date of the alleged offense. Following a hearing thereon, defendant's motion was denied.

On appeal defendant contends that the delay of 5-1/2 months between the date of the alleged delivery of the controlled substance to the undercover agent and the time of defendant's arrest precluded defendant from preparing a defense due to his inability to remember and hence denied defendant due process of law.

Review of the trial transcript fails to reveal that

defendant renewed his motion to dismiss. Hence, in reviewing this issue we are confined to the transcript of defendant's pretrial motion to dismiss and the court's findings relating thereto.

Following the hearing on defendant's motion to dismiss, the trial court, in denying same, stated in pertinent part as follows:

"It appears that the delay in prosecution resulted from the prosecutor's desire not to reveal the identity of an undercover agent who was engaged in obtaining evidence in several other cases in the interim.

"There is no showing of prejudice except the statement by counsel that the defendant's memory of the events of March 6, 1973 are lost by reason of the delay.

"This allegation can be made in every case. It falls short of the required showing to raise a due process issue. *People v Hernandez,* 15 Mich App 141 (1968).

"The motion to dismiss is denied."

As can be noted from the above, the court found no showing of prejudice except the statement by counsel that the defendant's memory of the events of March 6, 1973, were lost by reason of delay. This finding, by the trial court, is tantamount to a finding of no prejudice at all since statements of counsel are not evidence. Having reviewed the record and findings of the trial judge we find such findings to be supported by the record and not "clearly erroneous". Hence, we are bound thereby. GCR 1963, 517.

Recognizing that different panels of this Court have adopted two diametrically opposed views on this issue, the first being the three-pronged test set forth in *People v Hernandez,* 15 Mich App 141; 166 NW2d 281 (1968), and reiterated in *People v Iaconis,* 31 Mich App 703; 188 NW2d 175 (1971), and the second being the "no right to be arrested"

test adopted in *People v Noble,* 18 Mich App 300; 170 NW2d 916 (1969), and again restated in *People v Thomas Smith,* 30 Mich App 34; 186 NW2d 61 (1971), it is of little consequence which view we follow in this case.

*People v Hernandez, supra,* requires defendant in the first instance to make out a meritorious showing of prejudice under the facts in the case before the burden is imposed on the people to show that the three criteria delineated therein are present and exist. The trial judge having found no showing of prejudice by the defendant and our review of the record disclosing such findings to be supported by the record and not clearly erroneous, we conclude that if *People v Hernandez, supra,* is followed, defendant's contention is without merit.

Under the "no right to be arrested" test adopted by a panel of this Court in *People v Noble, supra,* defendant's claim is clearly without merit.

Lastly, defendant contends that the trial court committed reversible error by denying defendant's motion for a directed verdict on the grounds that the people failed to establish by competent evidence that the substance allegedly delivered was a controlled substance in that the tests testified to by the people's expert were not conducted personally by him. We disagree. All tests performed on the substance involved in this case were performed pursuant to the direction of the expert, under his supervision and in his presence. The people's expert therefore had sufficient personal knowledge to render an expert opinion. The fact that the tests were conducted by another under his direction, supervision and presence only goes to the weight and credibility to be given such opinion. Once admitted, the weight and credibility of the testi-

mony of an expert witness is for the jury. *Witt v Chrysler Corp,* 15 Mich App 576; 167 NW2d 100 (1969).

We find no error.

Affirmed.