PEOPLE v QUINTERO

OPINION OF THE COURT

1. CRIMINAL LAW—PRISON ESCAPE.

A prisoner escapes if he moves himself from the imposed re-
straint over his person and volition, and this can be accom-
plished by a prisoner while he is still within the area controlled
by the prison.

CONCURRENCE BY ALLEN, J.

2. CRIMINAL LAW—PRISON ESCAPE—INTENT TO LEAVE—STATUTES.

*A prisoner need not cross any prison boundaries before he is
subject to prosecution for prison escape under the prison escape
statute; nonetheless, there must be some indication that a
prisoner had leaving on his mind, and it is insufficient that a
prisoner merely enters an off-limits area of the prison without
permission (MCLA 750.192; MSA 28.390).*

3. CRIMINAL LAW—EVIDENCE—PRISON ESCAPE—INTENT TO LEAVE.

*A defendant was properly found guilty of prison escape where
there was evidence in the record indicating that the defendant
intended to leave the prison along with the fact that defendant
had entered an off-limits area of the prison without permission.*

Appeal from Marquette, Bernard H. Davidson, J.
Submitted February 4, 1976, at Grand Rapids.
(Docket No. 22286.) Decided February 26, 1976.

Milagro Quintero was convicted of prison escape.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Gary L. Walker,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 1.
[2, 3] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 4, 17.

Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, by *Keith D. Roberts,* Assistant Attorney General), for the people.

*James R. Jenkins,* Assistant State Appellate Defender, for defendant.

Before: QUINN, P. J., and J. H. GILLIS and ALLEN, JJ.

QUINN, P. J. Defendant's nonjury trial resulted in his conviction of prison escape, MCLA 750.193; MSA 28.390, for which he received an additional sentence of six months added to his minimum and maximum sentence. He appeals, contending the trial judge erred by applying an incorrect legal standard in finding escape on this record; that the proof failed to meet the "beyond a reasonable doubt standard"; and that the sentence subjects him to double punishment.

The key to a solution of this appeal lies in the meaning of "escape" as contained in MCLA 750.193, *supra.* We have been cited to no case factually identical to this case nor has independent research disclosed such authority. The record here establishes beyond question that defendant was where he had no right to be without permission. It is not clear whether this was within or without the area owned by the prison.

We recognize that *People v Richards,* 247 Mich 608; 226 NW 651 (1929), is not factually the case at bar. However, we believe the definition of "escape" therein contained is the most appropriate for maintenance of proper authority and discipline by the prison officials. That definition is "he escapes if he removes himself from the imposed

restraint over his person and volition", and we adopt it.

This conclusion disposes of the second issue which is based on a different concept of escape. The third issue does not merit discussion.

Affirmed.

J. H. GILLIS, J., concurred.

ALLEN, J. *(concurring in result).* I am constrained to concur in the result reached in this case because I cannot accept the view of the majority that one may be convicted of the felony of prison escape simply by being "where he had no right to be without permission". True, a prisoner need not cross any prison boundaries before he is subject to prosecution under MCLA 750.193; MSA 28.390.[1] Nonetheless, there must be some indication that the prisoner had leaving on his mind. *People v Noble,* 18 Mich App 300, 303; 170 NW2d 916 (1969). It is my belief that the definition in *People v Richards,* 247 Mich 608; 226 NW 651 (1929), was never meant to cover entering an "off limits" area of the prison without permission.[2] Moreover, if all the record in this case showed was that defendant entered an unauthorized area of the prison to consume alcohol and smoke marihuana, I would not vote to affirm his conviction.

[1] "(1) Any person, being imprisoned in any prison of this state for any term, who shall break prison and escape, or break prison though no escape be actually made, or shall escape, or shall leave the prison without being discharged from the prison by due process of law, or shall attempt to break prison or escape therefrom, shall be guilty of a felony, punishable by further imprisonment for not more than 5 years, such term of further imprisonment to be served after the termination, pursuant to law, of any sentence or sentences then being served."

[2] When a prisoner traverses into areas that are off limits without permission this is known as "skating" in prison jargon. The record indicates that those guilty of skating are normally punished administratively by the prison authorities.

However, there is record evidence indicating that defendant intended to leave the confines of the prison.[3] Thus, I am unable to say that the lower court's finding of guilt is clearly erroneous.

---

[3] Two prison officers testified that defendant admitted his intention was to leave the prison and go to Mexico.