PEOPLE v MARSH

Docket No. 91510. Submitted September 30, 1986, at Marquette. Decided December 16, 1986.

David Marsh, an inmate of the Marquette Branch Prison, was discovered stuck from a light fixture hole in his cell. He was subsequently charged in Marquette Circuit Court with attempting to escape from prison and was convicted and sentenced, Edward A. Quinnell, J. Defendant appealed.

The Court of appeals *held:*

1. The fact that defendant planned to escape not the day he was caught but two days later does not nullify his acts of removing and passing through the first barrier of his imposed restraint with the requisite intent to escape. Consummation of the escape had commenced.

2. The search of defendant's duffel bags and the seizure of the contents did not violate Department of Corrections rules or defendant's rights to be free from unreasonable searches and seizures.

3. The fact that the prosecutor provided no evidence at the preliminary examination that defendant was lawfully detained at the time of his alleged escape does not alter the outcome. The prosecutor was not required to present evidence at the preliminary examination that defendant was lawfully detained.

Affirmed.

1. PRISONS AND PRISONERS — ESCAPE.

A prisoner escapes if he removes himself from the imposed restraint over his person and volition with knowledge of, and the intent to remove himself from, the restraints imposed.

REFERENCES

Am Jur 2d, Criminal Law §§ 158-160.

Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 1 *et seq.;* 19.

Am Jur 2d, Penal and Correctional Institutions § 41.

Am Jur 2d, Searches and Seizures §§ 2, 4.

Fourth Amendment as protecting prisoner against unreasonable searches or seizures. 32 ALR Fed 601.

See also the annotations in the Index to Annotations under Attempt to Commit Crime; Escape or Flight; Searches and Seizures.

2. CRIMINAL LAW — ATTEMPTS.

The elements of attempt are (1) the specific intent to commit the crime and (2) an overt act going beyond mere preparation towards commission of the crime.

3. PRISONS AND PRISONERS — SEARCHES AND SEIZURES — EXPECTATION OF PRIVACY.

A search of a prison inmate's duffel bags conducted to maintain prison security does not violate the prisoner's expectation of privacy founded in the rules promulgated by the Department of Corrections (1979 AC, R 791.2210).

4. PRISONS AND PRISONERS — ESCAPE — LAWFUL DETENTION.

Lawful detention is not an element of prison escape which must be proven by the prosecutor at a preliminary examination on an escape charge.

*Mark Peter Stevens,* for defendant on appeal.

Before: ALLEN, P.J., and CYNAR and R. C. LIVO,* JJ.

R. C. LIVO, J. Defendant was convicted of attempted escape, MCL 750.193(1); MSA 28.390(1), following a bench trial. He was sentenced to one to five years.

Defendant claims that his conviction must be reversed because (1) the conduct on which his conviction rested did not constitute an overt act beyond mere preparation to escape, (2) the contents of defendant's duffle bags were seized in violation of Department of Corrections rules and thus in violation of his state and federal constitutional rights to be free of unreasonable searches and seizures, and (3) the magistrate abused his discretion in binding him over to circuit court when the prosecutor provided no evidence at the preliminary examination that defendant was lawfully detained at the time of his alleged escape. We find no merit to these claims and we affirm.

* Circuit judge, sitting on the Court of Appeals by assignment.

After hearing cries for help, prison guards discovered defendant stuck hanging from a light fixture hole in his cell at a point where a wall of defendant's cell meets the ceiling. Defendant was more than half way out of his cell and into a maintenance corridor along and above the back wall of his cell when discovered. Clothes lay under the crumpled covers in defendant's bunk and two duffle bags and a winter coat hung into the corridor from a bar behind the light fixture hole. An inventory of the two duffle bags in defendant's cell at the time revealed two pieces of cardboard, two pieces of plexiglas, a roll of masking tape and a roll of packing tape, scissors, black electrical tape, a small screwdriver, a jar of Vaseline, a flashlight, a brush, a can opener, a pair of pliers, a homemade hacksaw, two small pieces of wood, rubberbands, and another small piece of wood with a large blade attached to the end of it, as well as a map of the prison grounds.

Defendant testified that, at the time he got caught, he was merely trying to gain access to the maintenance corridor above his cell in order to survey the maintenance area and see if it was possible for him to proceed out of the cell block and out of the prison at a later date. He did not intend to escape that night, but planned to escape on April 8, two days later, when his preparations would be complete. Defendant had already spent ten hours sawing through a bar at the light fixture hole. Had he not gotten stuck, he would have started sawing the bars which made up the grating in the maintenance corridor ceiling holes. He figured that would take from ten to twelve hours. After getting through the corridor ceiling hole, defendant planned to reach the attic, climb through a cupola window, and lower himself to the ground. He had the two denim bags and his coat

with him because he wanted to see if they would fit through the light fixture hole he had made.

The trial court found defendant guilty of attempted escape. The trial court found the requisite intent based on defendant's testimony that he intended to leave the prison grounds in two days and found defendant's act of removing the window covering the light fixture hole and sawing through the fixture in the hole a sufficient overt act to convict defendant of attempt.

Defendant contends that in light of the court's finding that defendant did not intend to leave the prison premises for two days, his act of squeezing through the light fixture hole to reconnoiter was mere preparation for which he is not criminally responsible. We disagree.

A prisoner escapes if he removes himself from the imposed restraint over his person and volition with knowledge of, and the intent to remove himself from, the restraints imposed. *People v Quintero,* 67 Mich App 481; 241 NW2d 251 (1976), remanded 399 Mich 888 (1977); *People v Anderson,* 83 Mich App 744; 269 NW2d 288 (1978), lv den 405 Mich 812 (1979). The elements of attempt are (1) the specific intent to commit the crime and (2) an overt act going beyond mere preparation towards commission of the crime. *People v Coleman,* 350 Mich 268, 274-276; 86 NW2d 281 (1957).

The requisite overt act at issue in the instant case is "direct movement towards . . . commission . . . . [T]he act must reach far enough towards . . . the desired result to amount to commencement of the consummation." *Id.,* p 277.

Here, defendant had removed the first barrier of the restraint imposed upon him, the window and the bar across the light fixture hole, and was in the process of passing through that hole, out of his cell, as part of a "dry run" to determine his ability to get through the hole and to assess the entire

corridor in order to ultimately break the grating bars in the ceiling, the next physical barrier to his freedom. That defendant would return to his cell and not effectuate his ultimate exit from the prison grounds for two days does not nullify his acts of removing and passing through the first barrier of his imposed restraint with the requisite intent to escape. Certainly, consummation of his escape had commenced. See *People v Staples,* 6 Cal App 3d 61; 85 Cal Rptr 589 (1970) (the commencement of drilling holes in the floor with intent to enter the bank below, then covering the holes with a rug for possible later continuation of drilling constitutes attempted burglary).

Defendant's claim of unlawful search and seizure rests upon an expectation of privacy founded in 1979 AC, R 791.2210, the prison search and seizure rule promulgated by the Department of Corrections. We need not determine whether a prisoner's expectation of privacy founded in a Department of Corrections rule is constitutionally legitimate since, in the circumstances here, the search was obviously conducted to maintain prison security, a legitimate purpose under the administrative rule and thus a circumstance in which defendant could have no reasonable expectation of privacy founded in the rule. Beyond the rule, defendant had no legitimate expectation of privacy in the maintenance corridor atop his cell. See *Hudson v Palmer,* 468 US 517; 104 S Ct 3194; 82 L Ed 2d 393, 402-403 (1984) (no expectation of privacy in a prison cell).

Lastly, "lawful detention" is not an element of prison escape, but is an affirmative defense to that charge. *People v Hurst,* 59 Mich App 441, 443-444; 229 NW2d 492 (1975). As such, the prosecutor was not required to present evidence of it at the pre-

liminary examination, and defendant's last claim of error fails.

Affirmed.