PEOPLE *v.* NAWROCKI.

OPINION OF THE COURT.

1. FORGERY—ALIBI—EVIDENCE.

Conviction of forgery and uttering and publishing a check is not disturbed on appeal where defendant's interposition of alibi was met by testimony of witnesses who identified defendant as being present in the vicinity of where the defendant and others concerned in passing checks were operating (CL 1948, §§ 750.248, 750.249).

2. SAME—OTHER CRIMES—EVIDENCE.

Introduction in evidence of the passing of 3 checks in order to advise jury of continuing operation, involving only a few hours, that led up to the offense of forgery and uttering and publishing check upon which prosecution was based *held,* proper (CL 1948, §§ 750.248, 750.249).

3. SAME—INSTRUCTIONS—ALIBI—EVIDENCE.

Instruction in prosecution for forgery and for uttering and publishing a check that jury, if it did not find defendant had established alibi he had interposed, must find defendant did commit the specific crime charged in the information and that the prosecution had proved each and every other element of the case outlined by evidence beyond a reasonable doubt *held,* without error (CL 1948, §§ 750.248, 750.249).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur, Evidence § 1246.
[2] 23 Am Jur, Forgery § 59.
    Admissibility, in forgery prosecution, of other acts of forgery. 34 ALR2d 777.
[3] 53 Am Jur, Trial § 652 *et seq.*
[4, 5] 20 Am Jur, Evidence § 310 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error §§ 623, 891.

DISSENTING OPINION.

T. M. KAVANAGH, C. J., and SOURIS and SMITH, JJ.

4. CRIMINAL LAW—EVIDENCE OF OTHER CRIMES—IMPEACHMENT—INTENT.

> *Evidence of other crimes committed by a defendant in a criminal case may be admitted only for purposes of impeachment or if such evidence tends to show his motive, intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question (CL 1948, § 768.27; Court Rule No 1, § 3 [1945]).*

5. SAME—EVIDENCE OF OTHER CRIMES—INSTRUCTIONS.

> *Failure of trial judge to instruct jury that evidence of other crimes was limited to show defendant's motive, intent, the absence of mistake or accident on his part, notwithstanding defendant's trial counsel's failure to request a cautionary instruction when the evidence was received* held, *reversible error in prosecution for forgery and uttering and publishing (CL 1948, § 768.27; Court Rule No 1, § 3 [1945]).*

6. APPEAL AND ERROR—INSTRUCTIONS—FAILURE TO OBJECT—QUESTIONS REVIEWABLE.

> *Assignments of error regarding a trial court's instructions as to which objection had not been timely made will not normally be considered on appeal, but where instructional errors relate to basic and controlling issues in a case, the absence of timely objection will not prevent correction so as to prevent manifest injustice (Court Rule No 37, § 9 [1945]).*

Appeal from Kent; Vander Wal (John H.), J. Submitted May 13, 1965. (Calendar No. 33, Docket No. 50,591.) Decided October 4, 1965. Rehearing denied November 2, 1965.

George Nawrocki was convicted of forgery and uttering and publishing a check. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, for the people.

*George Nawrocki, in propria persona,* and *Robert A. Benson,* for defendant.

Kelly, J. Defendant appeals from a Kent county jury conviction of forgery[1] and uttering and publishing a check,[2] claiming that the trial court erred (1) In failing to instruct the jury that evidence of crimes other than the crime charged in the information should be limited to a determination of a fraudulent plan, scheme, or intent, and (2) In failing to specifically instruct the jury that to find defendant guilty the jury must find beyond a reasonable doubt that defendant committed the specific crime charged in the information.

During the weekend of March 25, 1961, a check protector and checks bearing the preprinted numbers of 349 to 600 were stolen from the Bos Leather Company, in the city of Grand Rapids, Michigan.

Lily LaQue (who was jointly charged with this crime and who, prior to defendant's trial, pleaded guilty) testified that on or about March 29, 1961, defendant George Nawrocki came to her apartment, having with him certain checks of the Bos Leather Company; that he asked her to sign certain names to these checks; that some time late in the night of March 31st or the early morning of April 1st, she and one Robert Hollenbeck[3] met Mr. Nawrocki; that on April 1st, defendant, Robert Hollenbeck and herself drove to the city of Wyoming in a car driven by defendant; that they then continued on to Grandville where, while she and defendant sat in the car, Hollenbeck passed one of the forged checks at the Grandville Super Market; that they then drove to Fred's Trading Post where a similar transaction of passing a forged check occurred; that the three of them finally drove to Eberhard's Supermarket in the city of Wyoming, and that Mr. Hollenbeck went in

---

[1] CL 1948, § 750.248 (Stat Ann 1962 Rev § 28.445).—Reporter.
[2] CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446).—Reporter.
[3] Robert Hollenbeck was charged; pleaded guilty and was sentenced for this offense before defendant's trial.

and attempted to pass a check in this establishment, but the store manager became suspicious, called the police, and at that point Mr. Hollenbeck was arrested by the Wyoming police department.

Subsequent to the arrest of Hollenbeck, Lily La-Que was arrested, and at a later time defendant was arrested by the Grand Rapids police department.

Robert Hollenbeck's testimony corroborated the testimony of Lily LaQue.

Defendant did not testify but, in opposition to the foregoing testimony, filed notice of alibi, and presented witnesses to establish the fact that he was in a gasoline service station, which he operated in Grand Rapids, during the time that both Lily LaQue and Hollenbeck testified he was with them cashing the forged checks.

In rebuttal to this alibi, the prosecution offered testimony of a service station operator and a service station attendant, whose stations were located in the vicinity of Eberhard's Supermarket, in Wyoming. Both corroborated Lily LaQue's testimony that she was in their respective stations at about the time she said they attempted to cash a check at the Eberhard Supermarket, and the service station attendant identified defendant as being with her.

It was proper—yes necessary, for the prosecution to introduce the evidence of the passing of the three checks in order to advise the jury of the continuing operation, involving only a few hours, that led up to the offense for which defendant was charged.

The court did instruct the jury that they must find beyond a reasonable doubt that defendant did commit the specific crime charged in the information.

Defendant did not request any instructions which the court refused to give, nor did defendant call to the trial court's attention any objection to the instructions given.

The jury in this case had the problem of deciding whether they should believe the prosecution witnesses, Lily LaQue and Robert Hollenbeck, or defendant's alibi witnesses, and the court properly instructed the jury in this regard, stating:

"If you find that the people have not established each and every element of its case as charged by them by evidence beyond a reasonable doubt, then your verdict would be not guilty. I will repeat. If you should find that the alibi is sustained by the defendant, of course then he could not be at the scene of the crime, and your verdict then would be not guilty. If you find he has not sustained the alibi, you must still go on and determine whether the prosecutor has proved each and every other element of the case, as I have outlined to you, by evidence beyond a reasonable doubt."

We find no error. Affirmed.

Addendum:

The principles of law majored in my Brother's dissent are misapplied to this appeal and to emphasize this point further attention is directed to the record.

Testimony was offered by the people to establish the following:

Defendant Nawrocki and Lily LaQue had been on intimate terms for a period of time previous to the date of passing the forged checks (April 1, 1961). He paid for her rent and food and gave her spending money.

Lily LaQue filched Robert Chivis' driving license while drinking with him at a bar. Two days before the forged checks in question were presented for payment, defendant brought to Lily LaQue's apartment checks of the Bos Leather Company and, under defendant's directions and instructions, she wrote in the name of Robert Chivis as payee.

On the night before the checks were passed, defendant advised Lily LaQue that the man he had depended upon to accompany him and pass the checks had failed him, and, when they saw Robert Hollenbeck passing the car in which they were seated they called him over to their car.

Hollenbeck (21 years of age) was acquainted with Lily LaQue but had never met Nawrocki. Nawrocki, after inquiring as to Hollenbeck's weight and height and comparing same with the descriptions on Robert Chivis' driving license, decided that he would come close to fitting the height and weight descriptions and offered him the job of accompanying him the next morning, making some easy money by passing the forged checks.

Lily LaQue's direct examination related the trip in the car defendant drove during the 2-hour period from the time she and Hollenbeck got in the car to the time Hollenbeck was arrested while passing the third forged check; how defendant, becoming apprehensive over the delay in the third store, drove away as the police car drove up, and how she and defendant stopped later at a gasoline station and defendant had her enter the station and flush the remaining forged checks down the toilet.

There was no objection to this testimony, and, to the contrary, defense counsel cross-examined in detail in regard to everything that happened from the time Lily LaQue got into the car on the morning of the arrest until she left defendant's presence.

Lily LaQue's testimony was corroborated by Hollenbeck's testimony and neither was broken down by cross-examination.

I quote from appellant's brief as follows:

"Other than the fact that some checks were stolen from the Bos Leather Company and other than the fact that two of these checks were passed, one at the Grandville Super Market and one at Fred's Trading

Post and that a third was attempted to be cashed at Eberhard's and that Lily LaQue and Robert Hollenbeck pleaded guilty to these passings, the facts are in dispute."

The one and commanding fact in dispute was injected into the case by defendant's "notice of alibi" and defendant's witnesses offered in support of same, namely: That defendant was in his gasoline station or obtaining parts for an automobile at the Michigan Automotive Supply Store at the time Lily LaQue and Hollenbeck claimed he was driving them on the forged checks trip. The court commented upon this in his instructions as follows:

"If you find that the people have not established each and every element of its case as charged by them by evidence beyond a reasonable doubt, then your verdict would be not guilty. I will repeat. If you should find that the alibi is sustained by the defendant, of course then he could not be at the scene of the crime, and your verdict then would be not guilty. If you find he has not sustained the alibi, you must still go on and determine whether the prosecutor has proved each and every other element of the case, as I have outlined to you, by evidence beyond a reasonable doubt."

Defense counsel recognized that the filing of that alibi put in issue everything that was claimed happened during that trip, and, to sustain defendant's contention that he was not even with them, counsel cross-examined in detail in an endeavor to discredit the State's witnesses.

In relating what happened during that 2-hour trip, Hollenbeck testified that, before cashing one check and after cashing another, defendant (evidently attempting to reassure Hollenbeck on his first forged check venture that he should not worry) told Hollenbeck of claimed successful forging experiences he (defendant) had had in the past.

Defendant's trial counsel, evidently contending that Hollenbeck's testimony was a complete lie, refused to major or dignify any part of his testimony by either objection or instruction.

Present counsel on appeal now asks this Court to reverse because the trial judge, of his own accord, did not take a contra-view as to how the defense should have been conducted, and did not, without request, call to the jury's attention that if they believed defendant had told Hollenbeck he had previously passed forged checks and that defendant was telling the truth when he made that assertion, yet they must confine their deliberations as to the guilt of defendant only to the offense charged in the information and not in respect to previous criminal acts.

Defendant did not testify. The people offered no proof of defendant's previous arrests or convictions. Defendant did not in any way object during trial as to how the trial was conducted.

After the alibi notice the people took the only course open, namely, offering the proof of the two witnesses who had pled guilty as to defendant's part in the whole transaction by what he did and what he said during the two hours defendant claimed he was not with them. This was not error, especially in the absence of any objection by defendant.

Affirmed.

Dethmers, Black, O'Hara, and Adams, JJ., concurred with Kelly, J.

Souris, J. (*dissenting*). Except for purpose of impeachment, evidence of other crimes committed by a defendant in a criminal case may be admitted only if such evidence tends "to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan, or system in doing

the act, in question". CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050), and Court Rule No 1, § 3 (1945),[1] applicable at trial of this case. There was such evidence introduced in this case of Nawrocki, but the jury was in no way instructed, either at the time of its admission or in the trial judge's charge to the jury, of the limited use to which such evidence could be put.

Indeed, considering the evidence of such prior crimes, the prosecutor's references thereto during his oral argument, and the judge's jury charge, it is impossible to believe that the jury did not take such evidence as substantive proof of defendant's guilt of the single act of forgery and uttering and publishing for which he was charged.

Defendant's trial counsel's inexplicable failure to request a cautionary instruction at the time such evidence was received and as part of the formal charge to the jury at the conclusion of the case, does not relieve the trial judge of his duty to instruct the jury as to the law of the case. See *People* v. *Oberstaedt* (1964), 372 Mich 521, and *People* v. *Guillett* (1955), 342 Mich 1, and cases cited therein.

While normally we will not review assignments of error regarding the trial judge's jury instructions unless objection thereto was timely made (see currently applicable GCR 1963, 516.2 and Court Rule No 37, § 9 [1945], which was applicable at trial herein), to prevent manifest injustice we do not hesitate to correct instructional errors relating to basic and controlling issues in a case even absent timely objection. See *Hunt* v. *Deming* (1965), 375 Mich 581. The error here was of that magnitude.

I would reverse and remand for new trial.

T. M. Kavanagh, C. J., and Smith, J., concurred with Souris, J.

---

[1] For current court rule see GCR 1963, 16.—Reporter.