PEOPLE *v.* KELLY

1. RAPE — ROBBERY — EVIDENCE — SEPARATE CRIMES — SCHEME — STATUTES.

    Trial court properly admitted evidence of separate and different crimes committed by defendant, who was charged with rape and with robbery armed, because the subsequent act of defendant, in raping and robbing another woman reveals a strikingly similar crime, and defendant's testimony on cross-examination about his altercation in a motel room with a lady and her boyfriend tended to show a scheme, plan or system on his part in performing these acts (MCLA § 768.27).

2. CRIMINAL LAW—INSTRUCTIONS—SEPARATE CRIMES.

    Trial judge's specific limiting instruction in his final charge to the jury which protected the rights of the defendant regarding

———

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 326.
[2] 53 Am Jur, Trial § 511.
[3, 4] 29 Am Jur 2d, Evidence § 288.

evidence of separate and different crimes committed by defendant, introduced to establish the people's theory of defendant's scheme, plan or system on his part in performing these acts, will be deemed sufficient absent a showing of a miscarriage of justice where no specific request for such an instruction was made by defendant's attorney at the time the evidence was introduced.

3. CRIMINAL LAW—WEAPONS—EVIDENCE.

For a pistol to be admissible as evidence, it is sufficient that the people show that the defendant had the weapon in his possession and that it was a weapon of the same kind as that with which the crime was committed.

4. CRIMINAL LAW—WEAPONS—EVIDENCE.

Introduction of a gun in evidence was not error where, taken as a whole, the evidence was sufficient to connect the gun with the offense for which defendant was on trial.

Appeal from Court of Appeals, Division 1, McGregor, P. J., and J. H. Gillis and O'Hara, JJ., affirming Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted June 10, 1971. (No. 12 June Term 1971, Docket No. 53,029.) Decided December 21, 1971.

26 Mich App 148 affirmed.

John Robert Kelly was convicted of rape and robbery armed. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant on appeal.

WILLIAMS, J.  This case places three issues before this Court: 1) whether the trial court erred in admitting evidence concerning prior and subsequent acts of the defendant which the court held illustrated a scheme, plan or system, when such evidence tended to prove the commission of other crimes by the defendant; 2) whether the trial court committed reversible error by failing to instruct the jury immediately as to the limited purpose to which the above-mentioned evidence could be put; 3) whether the trial court erred in allowing into evidence the pistol taken from defendant at the time of his arrest.

The defendant John Robert Kelly was charged on March 25, 1968, with unlawful carnal knowledge of a female with force and against her will, and with robbery armed.  On July 16, 1968, the defendant was convicted as charged by a jury in Detroit Recorder's Court.  The Court of Appeals affirmed these convictions.  26 Mich App 148 (1970).  This Court granted the defendant's application for leave to appeal on October 27, 1970.

Mrs. Hattie Jeffery testified for the prosecution that on August 26, 1967, at approximately 7 a.m., the defendant Kelly burst into her motel room at the Rio Grande Motel in Detroit.  The defendant allegedly forced Mrs. Jeffery at gunpoint to place a pillow case over her head and then raped her twice.  Mrs. Jeffery testified that the defendant did not wear any clothes when he raped her.  The defendant then allegedly fled with a tape recorder and $74 in cash.

The defendant took the witness stand in his own behalf at trial and offered an alibi defense.  On cross-examination the defendant was forced to explain over defense counsel's objection how he incurred a gunshot wound in June of 1967.  The

defendant stated that he had gone to a motel room with a prostitute in June of 1967 and was shot by her boyfriend while in the room. The defendant further stated that he was carrying an unregistered concealed weapon, a pistol, at the time. The prosecutor stated that the defendant had been charged with armed robbery as a result of this incident, but that the charges were dismissed when the complaining witness failed to appear.

Miss Cecelia Coleman testified that she had been raped by defendant Kelly on March 16, 1968. She stated that the defendant appeared in a room at the Oaks Motel in Detroit at approximately 7:30 a.m. Miss Coleman and her fiance were sharing the room, and had locked the door before going to sleep. The defendant allegedly forced the boyfriend into the bathroom at gunpoint, locked the bathroom door, made Miss Coleman put a pillow case over her head, and then raped her three times. The defendant then allegedly fled with a watch, a check, and about $75 in cash.

The prosecution also introduced into evidence a number of keys and a pistol found in the possession of the defendant at the time of his arrest. The keys fitted the doors of various rooms in the Oaks Motel, the Rio Grande Motel, and the Algiers Motel. One of the keys fit room 29 of the Oaks Motel, the room in which Miss Coleman was raped and she and her boyfriend were robbed.

## I.

The defendant contends that the trial court erred in admitting evidence of separate and different crimes for which the defendant had not been convicted. The people contend that such evidence was properly admitted as it tended to show a scheme, plan or system on the part of the defendant.

MCLA § 768.27 (Stat Ann 1954 Rev § 28.1050) states:

"768.27 Same; proof of intent or motive by similar acts

"Sec. 27.  In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

The validity of this statute has been upheld in a number of cases by this Court.[1]

In the instant case, the defendant allegedly entered the victim's motel room, forced her at gunpoint to put a pillow case over her head, and then raped her twice.  The rapist in this case wore no clothes while perpetrating the crime.  The defendant then allegedly fled with all of the victim's cash and her tape recorder.

The testimony of Miss Coleman reveals a strikingly similar crime.  Again, the defendant allegedly entered Miss Coleman's motel room, forced her at gunpoint to put a pillow case over her head, and then raped her three times.  The rapist wore no clothes during the rape.  The defendant then allegedly fled with cash, a watch, and a check.  Clearly this subsequent act of the defendant tends to show

[1] See *People v. Rose* (1934), 268 Mich 529, 535; *People v. Fleish* (1943), 306 Mich 8, 11; *People v. Nawrocki* (1965), 376 Mich 252.

a scheme, plan or system on his part in performing these acts.

The defendant was also forced to testify on cross-examination about his altercation in a motel room with a lady and her boyfriend. While there was no rape involved in that incident, the facts are sufficient to tend to show a common scheme, plan or system on the part of the defendant within the latitude of cross-examination.

## II.

The defendant contends that the trial court erred in failing to give immediately an instruction as to the limited purpose for which the jury could consider the evidence discussed in Part I of this opinion. The defendant argues that such an immediate instruction is necessary even if defense counsel does not request it.

When the evidence to show a scheme, plan or system was introduced, the defense counsel did not request a limiting instruction, and the trial court gave no such instruction. In its final charge, however, the trial court did give very specific instructions to the jury as to what purpose that evidence could serve. The exact language which the trial court used is set out in the footnote below.[2]

---

[2] "The People have offered to establish their theory of the defendant's scheme, plan or method of operation. So that you may consider the testimony and the exhibits involving the date of March 16th, 1968, and the balance of the exhibits to which I have referred, which are keys, in determining whether or not the acts here charged, that is Rape and Robbery Armed of Hattie Jeffrey [*sic*] was part of a general scheme, plan or system of the defendant. And you may further utilize that testimony to assist you in whatever manner it might assist you with regard to the issue of the identification of the person of the defendant. And let me say to you again in this case that you are to deliberate with regard to guilt or innocence upon the events as may have been established by the People and their witnesses in connection with the offenses charged to have occurred on August 26th, 1967, wherein Hattie Jeffrey [*sic*] was the complaining witness. You are not to deliberate upon the guilt or innocence of

In *People* v. *Nawrocki* (1965), 376 Mich 252, the prosecution introduced evidence of other offenses to show defendant's fraudulent scheme, plan or intent. Counsel for the defendant did not request a limiting instruction, and none was given at any time by the trial court. This Court affirmed the defendant's conviction in that case though no instruction was ever given, and stated:

"Defendant did not request any instructions which the court refused to give, nor did defendant call to the trial court's attention any objection to the instructions given." 376 Mich 252, 255.

Therefore this Court in *Nawrocki* required no limiting instruction at all, unless such instruction was requested by defense counsel. In the instant case, a specific limiting instruction was given in the final instructions to the jury, though it never was requested by defendant's attorney.

The defendant cites *People* v. *Askar* (1967), 8 Mich App 95 for the proposition that when evidence is admitted to show scheme, plan or system, the trial court must *sua sponte* instruct the jury immediately that such evidence may be considered only for that purpose. While *Askar* contains language to that effect, the decision in that case is based upon the fact that the evidence in question was inadmissible. Therefore the language concerning the necessity of immediate instructions is dicta. No case, court rule, statute, or treatise cited in *Askar* supports this dicta.

The *Askar* opinion is not the sole expression of the Court of Appeals concerning this issue. In *People* v. *Anderson* (1968), 13 Mich App 247, prior

the defendant in connection with any other offense or offenses which might have been shown in connection with the certain events of March 16th, 1968. As I said to you before, this is the People's theory of the case. And I am presenting it to you solely as their theory."

illegal sales of narcotics were introduced as evidence to show a scheme, plan or system on the part of the defendant. No limiting instruction was requested by defense counsel, and none was given by the trial court. In affirming the defendant's conviction, a *Per Curiam* opinion stated:

"Defendant asserts as error the trial court's failure to give an instruction limiting the jury's consideration of the police informer's testimony of the alleged prior offense. Defendant did not request such an instruction nor was any objection made pursuant to GCR 1963, 516.2. In the absence of a request or proper objection, the trial court was not required to give the limiting instruction now sought. *People* v. *Nawrocki* (1965), 376 Mich 252." 13 Mich App 247, 250.

As he should in this case, the trial judge gave a limiting instruction which protected the rights of the defendant. There may be times when such limiting instruction should be more properly given at the time such evidence is introduced. However, in the absence of a specific request at that time or a showing of a miscarriage of justice, a limiting instruction in the final instructions to the jury will be deemed sufficient.

The limiting instruction which the trial court gave in this case was sufficient to protect the rights of the defendant.

## III.

The defendant's final allegation of error is that the trial court erred in allowing into evidence the gun taken from defendant at the time of his arrest.

For the pistol to be admissible as evidence, it is sufficient that the people show that the defendant had the weapon in his possession and that it was a weapon of the same kind as that with which the

crime was committed. 1 Wharton's Criminal Evidence (12th ed), § 203, p 408. In the instant case, the complaining witness testified that the defendant had a pistol when he raped and robbed her. The gun found in the possession of the defendant at the time of his arrest was also a pistol. Miss Coleman, a witness for the people, testified that the gun taken from defendant at the time of his arrest was the same one he had used when he raped and robbed her. Taken as a whole, the evidence was sufficient to connect the gun with the offense for which defendant was on trial. Therefore the introduction of the gun in evidence was not error.

Affirmed.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, and SWAINSON, JJ., concurred with WILLIAMS, J.

T. G. KAVANAGH, J., concurred in the result.