PEOPLE v FLYNN

Docket No. 78-2185. Submitted October 12, 1979, at Detroit.—Decided November 19, 1979. Leave to appeal applied for.

Lawrence R. Flynn was convicted of felonious assault and possession of a firearm in the commission of a felony, Recorder's Court of Detroit, William J. Sanphilip, J. The assault for which the defendant was convicted arose out of his attempt to shoot a police officer who, along with eight other police officers, had entered the defendant's premises, pursuant to a search warrant, to search for illegal narcotics and an illegal weapon. The defendant appeals, alleging that 1) the felony-firearm conviction violates the constitutional prohibitions against double jeopardy, 2) the trial court erred in denying the defendant's motion *in limine* to prevent the prosecution from mentioning, arguing or offering evidence related to information upon which the search warrant was based or the evidence obtained as a result of the search, and 3) if evidence concerning the defendant's other bad acts was admissible, the trial court should have given, *sua sponte,* a limiting instruction to the jury on the purpose for which such evidence could be considered. *Held:*

1. The convictions for felonious assault and felony-firearm did not violate the constitutional prohibitions against double jeopardy.

2. Evidence of the circumstances surrounding the defendant's arrest and the incident out of which the charges arose, while prejudicial to the defendant, was admissible as evidence relevant to the defendant's motive. The trial court carefully considered the probative value of the evidence in relation to its

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 188, 189.

[2] 29 Am Jur 2d, Evidence §§ 253, 260.
Modern status of rules as to use of motion in limine or similar preliminary motion to secure exclusion of prejudicial evidence or reference to prejudicial matters. 63 ALR3d 311.

[3] 29 Am Jur 2d, Evidence § 320.

[4, 5] 29 Am Jur 2d, Evidence §§ 321, 333.

[6] 29 Am Jur 2d, Evidence §§ 325, 326.

[7] 29 Am Jur 2d, Evidence § 263.

prejudicial impact on the defendant's case each time the matter was presented for the court's decision. There was no abuse of discretion in those instances where the prosecution was allowed to make mention of the surrounding circumstances.

3. The trial court was not required to give a limiting instruction on the purpose for which such evidence could be considered, since the defendant neither requested such an instruction nor made a proper objection. Failure to give the limiting instruction was not reversible error.

Affirmed.

1. CRIMINAL LAW — DOUBLE PUNISHMENT — FELONY FIREARM.

A defendant's convictions of felonious assault and of possession of a firearm while committing the felonious assault do not violate the constitutional prohibition against double jeopardy.

2. CRIMINAL LAW — EVIDENCE — RELEVANCE — PREJUDICIAL EVIDENCE.

All relevant evidence is inherently prejudicial, therefore, it is only when the probative value of evidence is substantially outweighed by the danger of unfair prejudice that the evidence is to be excluded.

3. CRIMINAL LAW — EVIDENCE — OTHER CRIMES — PROBATIVE VALUE — PREJUDICIAL EVIDENCE — ISSUE OF GUILT OR INNOCENCE.

Evidence tending to show that a defendant committed crimes other than those charged is generally inadmissible on the issue of the defendant's guilt or innocence because whatever probative value such evidence has is outweighed by the disadvantage of diverting the trier of fact from an objective appraisal of the defendant's guilt or innocence.

4. CRIMINAL LAW — EVIDENCE — OTHER BAD ACTS — EXCLUSION OF EVIDENCE.

The rule excluding evidence of criminal or bad acts of an accused other than the crime charged is inapplicable where such evidence is being introduced for some purpose other than to raise an inference of a probability that the accused committed the crime charged.

5. CRIMINAL LAW — EVIDENCE — ADMISSIBILITY — OTHER BAD ACTS.

Evidence of crimes other than the one of which the defendant is accused is admissible when so blended or connected with the crime of which the defendant is accused that proof of one incidentally involves the other or explains the circumstances of the crime charged.

6. CRIMINAL LAW — EVIDENCE — MOTIVE — OTHER BAD ACTS —
   DISCRETION.

   Evidence of motive which suggests the doing of the criminal act
   for which a defendant is charged, or the purpose for which it
   was done, is always admissible even though such evidence
   shows or tends to show the commission of another crime;
   however, the fact that the prosecution is permitted to offer such
   evidence and argue from such evidence does not absolve the
   trial judge from exercising his discretion to determine whether
   the probative value of such evidence is substantially out-
   weighed by the danger of unfair prejudice to a defendant's
   cause.

7. CRIMINAL LAW — EVIDENCE — INSTRUCTIONS TO JURY — LIMITING
   INSTRUCTIONS — OTHER BAD ACTS — FAILURE TO OBJECT.

   There is no absolute requirement that a trial judge give a
   limiting instruction on the purpose for which evidence of a
   defendant's bad acts, other than the crimes charged, admitted
   for the purpose of showing a defendant's motive, may be
   considered in the absence of a request for such an instruction
   or a proper objection to the instructions as given.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Principal
Attorney, Appeals, and *Rita Chastang* and *Gary R.
Dettloff,* Assistant Prosecuting Attorneys, for the
people.

*N. C. Deday LaRene,* for defendant.

Before: ALLEN, P.J., and BASHARA and BEASLEY,
JJ.

ALLEN, P.J. Defendant was convicted by a jury
of felonious assault (MCL 750.82; MSA 28.277) and
possession of a firearm in the commission of a
felony (MCL 750.227b; MSA 28.424[2]). He appeals
as of right.

The felonious assault, for which defendant was
convicted, arose out of his attempt to shoot a
police officer who had entered the premises, pursu-
ant to a search warrant, along with eight other

police officers, to search for illegal narcotics and an illegal weapon.

In the first issue raised on appeal, defendant claims that his felony-firearm conviction violates his constitutional right to be free from double jeopardy. This contention has been recently considered and rejected by the Supreme Court in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

Defendant's second contention has more merit. Prior to trial, defendant moved to prevent the prosecution from mentioning, arguing or offering evidence related to information upon which the search warrant was based or evidence obtained as a result of the search. The trial court denied the motion *in limine,* observing that the people had a right to set forth the whole transaction and to demonstrate the motive of the defendant. During the course of the ensuing trial the prosecutor argued in his opening statement that the purpose for the search of defendant's residence was to look for and seize illegal narcotics and a possible machine gun. The prosecutor also elicited testimony from the investigating officers that they secured the warrant in the course of a narcotics investigation, that the procedure for entering and searching the premises was established by state and Federal law enforcement agencies for entering a "narcotics pad", and that various narcotics and narcotics paraphernalia were seized from the premises as a result of the search. The trial court did not give any instructions to the jury limiting the purpose for which they could consider the narcotics-related testimony. However, there were no objections to the court's instructions, and no additional instructions were proffered by either party. Defendant was subsequently convicted by the jury on both

counts charged in the information. He subsequently moved for a new trial on the same grounds presently assigned as error in this appeal. The motion was denied and defendant was sentenced to two years imprisonment on the felony-firearm charge and four years probation on the felonious assault charge.

On appeal, defendant contends that since he was not charged with possession of controlled substances, reference to such substances found during a search of his residence was improper and highly prejudicial to his cause because it indicated that the defendant might be guilty of other unrelated crimes.

As a general rule, evidence of other unrelated crimes or bad acts by the accused is inadmissible to show that he is guilty of the crime charged. *People v Doud,* 223 Mich 120; 193 NW 884; 32 ALR 1535 (1923), *People v Rice,* 206 Mich 644; 173 NW 495 (1919), *People v Coston,* 187 Mich 538; 153 NW 831 (1915).

Evidence of other criminal or bad acts of the accused is often logically relevant to proving a defendant's guilt for a charged offense. There is little doubt that a person's guilt or propensities to commit other crimes or bad acts has the tendency to make the existence of his guilt in the instant case more probable than it would be without the evidence. MRE 401. Since all relevant evidence is inherently prejudicial, it is only when the probative value is substantially outweighed by the danger of unfair prejudice that the evidence is to be excluded. *United States v McRae,* 593 F2d 700 (CA 5, 1979), MRE 403. And, "because it has been decided that whatever probative value such evidence has is outweighed by the disadvantage of diverting the trier of fact from an objective appraisal of the

defendant's guilt or innocence", evidence tending to show that the defendant committed crimes other than those charged is generally inadmissible on the issue of defendant's guilt or innocence. *People v DerMartzex,* 390 Mich 410, 413; 213 NW2d 97 (1973).

There are, however, instances in which such evidence is admissible to establish other, legally recognized matters, so long as the evidence is not offered as mere circumstantial evidence to prove the bad character of the defendant, and hence, the probability of his guilt for the crime charged. Thus, if evidence of other bad acts of the defendant is being introduced for some purpose *other than* to raise the inference of a probability that the accused committed the crime charged, the rule excluding the evidence is simply inapplicable. *People v Spillman,* 399 Mich 313, 319; 249 NW2d 73 (1976). It is for this reason that the law recognizes exceptions to the general exclusionary rule regarding evidence of defendant's prior bad acts or crimes.[1]

In this regard the prosecution asserts that the challenged evidence in the case at bar was admissible under either or both of the following exceptions.

First, the prosecution claims that evidence of another and distinct crime is admissible where it was committed as part of the same transaction and forms a part of the res gestae. A number of cases confirm the accuracy of this proposition.[2]

---

[1] See MCL 768.27; MSA 28.1050; MRE 404 for various statutory exceptions, and *People v Nawrocki,* 376 Mich 252; 136 NW2d 922 (1965), *People v DerMartzex, supra, People v Kelly,* 386 Mich 330; 192 NW2d 494 (1971), *People v Wilkins,* 82 Mich App 260, 269-270; 266 NW2d 781 (1978), *lv den* 406 Mich 857 (1979), for examples of various judicially-created, common-law exceptions.

[2] *People v Delgado,* 404 Mich 76; 273 NW2d 395 (1978), *People v Kayne,* 268 Mich 186; 255 NW 758 (1934), *People v Castillo,* 82 Mich

Thus, where other criminal acts are an inseparable part of the whole deed for which defendant is charged, the prosecution is permitted to complete the story of the crime by proving the immediate context of happenings near in time and place. 1 Wigmore, Evidence (3d ed), § 218, p 719, McCormick, Evidence (2d ed), § 190, p 447, 1 Wharton's Criminal Evidence (13th ed), § 242, p 540.

Defendant acknowledges the "possible relevance" of offering evidence that the police officers were acting pursuant to a search warrant in order to explain their presence at defendant's residence on the night of the alleged assault. However, defendant claims that since he offered to stipulate to the validity of the search warrant it was unnecessary for the prosecutor to reveal the prejudicial information on which the warrant was based.

We note that information on which the warrant was based was indeed prejudicial to the defendant since it tended to make him appear to the jury as an operator of a "narcotics pad". At the same time, it would seem clear that the prosecution should be able to justify the presence of nine armed police officers breaking into and confronting the defendant in his own home at 2 a.m. Without some background information providing the jury with an explanation for the officers' appearance at this unusual hour, the jury is left without complete knowledge of the entire story or transaction.

In *People v Gosch,* 82 Mich 22; 46 NW 101 (1890), the Supreme Court upheld prosecutorial remarks regarding criminal actions (theft of farm crops), of which that defendant was suspected, as

App 476; 266 NW2d 460 (1978), *People v Bernard Smith,* 81 Mich App 561; 266 NW2d 40 (1978), *rev'd on other grounds* 406 Mich 926 (1979), *People v Mayes,* 78 Mich App 618; 261 NW2d 22 (1977). See also 8 Michigan Law & Practice, Criminal Law, § 272, p 370 and authorities cited therein.

support for a warrant subsequently issued for that defendant's arrest. When officials sought to execute the warrant against that defendant, he shot and killed one of the individuals assisting the arresting officer. On appeal from his conviction for manslaughter, that defendant claimed that the prosecutor's remarks were inadmissible "as they were a statement that the respondent had been guilty of other crimes than the one for which he was then being tried". *Id.,* p 29. The Supreme Court rejected this challenge, observing that the remarks pertaining to the alleged thefts were not connected with that defendant other than as support for the arrest warrant. In addition, the Court noted:

"This theft was one of the facts which the prosecuting attorney had a right to discuss. It was inseparably connected with the case, and the procuring of the warrant, and the officer having it in hand for execution, was the justification for his going there that night." *People v Gosch, supra,* at 29.

See also *People v Durfee,* 62 Mich 487, 490-491; 29 NW 109 (1886), *People v Mayes,* 78 Mich App 618, 623; 261 NW2d 22 (1977).

Since the identity of the officers executing the search warrant was essential to the prosecution's case in terms of whether the defendant believed them to be police officers or merely burglars, it follows that the prosecutor should have been permitted to introduce and argue evidence relating to the various circumstances and purposes for the officers' appearance on the night of the assault. Here, the jury was entitled to hear the "complete story"—information inseparable from the alleged assault. *People v Delgado, supra,* at 83.

However, defendant claims that, assuming *argu-*

*endo* that such evidence was admissible, it was entirely inappropriate to permit into evidence testimony regarding the fact that narcotics and narcotics paraphernalia were seized subsequent to defendant's assault. We agree that under the above cited "res gestae" or "complete story" exception to the rule against admitting evidence of defendant's other bad acts or crimes (here, illegal possession of controlled substances), such evidence was inadmissible. The relevance of the possible presence of narcotics at defendant's residence only relates to the validity and explanation of the officers' behavior at the time of their entry into the residence. However, it is irrelevant to the validity of that action that such narcotics were, in fact, actually discovered at the household. Thus, just as it would have been inappropriate in *People v Gosch, supra,* to offer evidence bearing on the truth of whether defendant had, in fact, stolen some farm crops of the complainant, so too in the case at bar was it inappropriate, under the "res gestae" exception, to prove that narcotics were found in defendant's home.

Nonetheless, the prosecutor contends that this evidence was admissible under another, well recognized exception to the above described exclusionary rule. In essence, the prosecution argues that it should have been permitted to offer proof that narcotics were discovered at defendant's residence since it established a motive for defendant to "fight it out" because he didn't want to get caught in an illegal activity. We agree.

Evidence of motive which suggests the doing of the act, or the purpose for which it is done, is always admissible even though such evidence shows or tends to show the commission of another crime. McCormick, *supra,* § 190, p 450-451, 1 Wig-

more, *supra,* §§ 215-217, pp 710-718, 1 Wharton's, *supra,* § 247, p 561. This rule is well recognized in Michigan. *People v Allen,* 351 Mich 535; 88 Nw2d 433 (1958), *People v Klise,* 156 Mich 373; 120 NW 989 (1909), *People v Fullwood,* 51 Mich App 476, 483; 215 NW2d 594 (1974), *lv den* 393 Mich 785 (1975), *People v Shaw,* 9 Mich App 558, 566; 157 NW2d 811 (1968), MCL 768.27; MSA 28.1050, MRE 404(b). Since the accused's motive in committing an alleged crime is always relevant because it bears on either his identity as the perpetrator of the offense or, as in the instant case, the strength of his defense, it follows that the prosecutor was properly permitted—within the bounds of fair play, *i.e.,* not to unduly emphasize the prejudicial aspects of the evidence—to introduce evidence relating to the actual presence of narcotics and narcotics paraphernalia on the premises of the assault.

Of course, that a prosecutor is permitted to offer such evidence and argue from such evidence does not absolve a trial judge from exercising his discretion to determine whether the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to a defendant's cause. *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976), *People v Wilkins, supra,* at 270, *People v Shaw, supra,* at 566. However, we have reviewed the lower court record and are persuaded that the trial court carefully considered the matter each time that it was presented for the court's decision. At various points during the trial the lower court sustained or overruled the admissibility of the challenged evidence indicating a well-reasoned exercise of judgment. We have not been persuaded that the trial court abused its discretion in this regard.

Finally, defendant claims that even if the challenged evidence was admissible under either of the above exceptions to the general rule against admitting evidence of the defendant's other bad acts, the trial court erred by failing *sua sponte* to give the jury a limiting instruction on the purpose for which such evidence could be considered. The Supreme Court has clearly and forcefully addressed this issue and has determined that, in the absence of request or proper objection, there is no absolute requirement that a trial judge give limiting instructions. Therefore, failure to instruct in this case, where there was no request for such instructions and no objection to the failure to instruct, was not reversible error. *People v Nawrocki,* 376 Mich 252, 255; 136 NW2d 922 (1965), *People v Chism,* 390 Mich 104, 119-121; 211 NW2d 193 (1973), *People v Hicks,* 70 Mich App 430, 437-438; 245 NW2d 778 (1976).

Affirmed.