PEOPLE *v.* ANDERSON.

1. CRIMINAL LAW—EVIDENCE—OTHER CRIMES—PLAN OR SCHEME.
   Evidence that defendant committed crimes other than one charged is permitted by statute to show defendant's scheme, plan or system in doing an act, where the scheme, plan or system is material to proof of the crime charged (CL 1948, § 768.27).

2. SAME—EVIDENCE—OTHER CRIMES—PLAN OR SCHEME—NARCOTICS.
   Testimony of police informer in trial for illegal sale of narcotics that defendant had participated in sale of narcotics on an occasion prior to that date of offense charged *held,* properly admitted to establish existence of scheme, plan or system of defendant to engage in business of selling narcotics illegally where the testimony had direct bearing on motive and intent of defendant (CL 1948, § 335.152).

3. SAME—EVIDENCE—OTHER CRIMES—LIMITING INSTRUCTION.
   Defendant cannot assign as error the failure of trial judge to give an instruction limiting jury consideration of testimony of a police informer as to prior offense where defendant neither requested such an instruction nor made any objection to the charge as given (GCR 1963, 516.2).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 7] 29 Am Jur 2d, Evidence §§ 322, 326.
   Admissibility against defendant in criminal case of evidence, otherwise competent, as to other offense as affected by fact that a charge for such offense is pending against him.  125 ALR 1036.
   Admissibility of evidence as to other offense as affected by defendant's acquittal of that offense.  86 ALR2d 1132.
[3] 53 Am Jur, Trial § 670.
[4] 53 Am Jur, Trial §§ 599, 776.
[5] 53 Am Jur, Trial § 781.
[6] 21 Am Jur 2d, Criminal Law §§ 313, 528.
   Absence of counsel for accused at time of sentence as requiring vacation thereof or other relief.  20 ALR2d 1240.
[8] 29 Am Jur 2d, Evidence § 154.
   Burden of averment and proof as to exception in criminal statute on which the prosecution is based.  153 ALR 1218.

4. SAME—WITNESSES—CREDIBILITY—INSTRUCTION TO JURY.

Defendant cannot assign as error the failure of trial judge to give instruction concerning credibility of police informer called as witness when defendant made no request that such an instruction be given (CL 1948, § 768.29).

5. SAME—WITNESSES—INTEREST—INSTRUCTION TO JURY.

A trial judge is not required to comment in his instructions concerning the interest of a witness.

6. SAME—SENTENCING—RIGHT TO COUNSEL.

The sentencing of a convicted criminal defendant is a critical stage of a criminal proceeding and, absent waiver of right to counsel, defendant's counsel must be present; a defendant who was sentenced without counsel present but who did not waive right to counsel must be resentenced with counsel present.

7. SAME—CONSTITUTIONAL LAW—SELF-INCRIMINATION—EVIDENCE—OTHER CRIMES—PLAN OR SCHEME.

Provision in statute for admission of testimony as to other crimes by defendant to establish scheme, plan or system neither violates a defendant's privilege against self-incrimination nor renders illegal sale of narcotics statute unconstitutional when such testimony is employed in a prosecution for illegal sale of narcotics (CL 1948, §§ 335.152, 768.27).

8. SAME—CONSTITUTIONAL LAW—BURDEN OF PROOF—NARCOTIC DRUG ACT—ILLEGAL SALE OF NARCOTICS ACT.

Defendant's conviction was not rendered unconstitutional by provision in uniform narcotic drug act which shifts burden of proof to defendant as to exceptions and exemptions where the provision was not part of illegal sale of narcotics act under which defendant was charged and convicted and did not apply to the latter act (CL 1948, §§ 335.68, 335.152).

Appeal from Recorder's Court of Detroit, Scallen (John P.), J. Submitted Division 1 May 17, 1968, at Detroit. (Docket No. 3,082.) Decided September 23, 1968.

Donald Anderson was convicted of illegal sale of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Edward P. Echlin,* for defendant on appeal.

PER CURIAM. Defendant was found guilty by a jury of illegal sale of narcotics[1] in recorder's court of the city of Detroit on February 21, 1961, and sentenced to a prison term of 20 to 30 years.

The issues raised by defendant in appealing his conviction to this Court are restated and dealt with as follows:

1. *Did the trial court commit reversible error in admitting into evidence, over objection, testimony of an earlier narcotics sale and in failing to give an instruction thereon?*

The prosecution's case against defendant was based primarily on the testimony of a police informer who testified that she purchased heroin from defendant on November 25, 1960. She also testified that about 2 or 3 months before defendant sold her the heroin, defendant introduced her and her brother-in-law to another narcotics seller at defendant's apartment building and at that time defendant had handed her brother-in-law's money to the narcotics seller who then gave narcotics to her brother-in-law. According to the police informer the sale of November 25, 1960, took place in the same apartment building. This testimony was received over repeated objections of defense counsel.

CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050) states:

---

[1] CL 1948, § 335.152 (Stat Ann 1957 Rev § 18.1122).

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

We find that the objected-to testimony of the police informer constitutes evidence of the existence of a scheme, plan or system of defendant to engage in the business of selling narcotics illegally. It is a reasonable inference from her testimony that the defendant participated in a prior illegal sale; he used his apartment building in carrying out a transaction involving an illegal sale of narcotics, and in that instance he received the money from the purchaser and gave it to the seller of narcotics in the presence of the witness. This testimony had a direct bearing upon the motive and intent of the defendant concerning the act charged as well as a plan or system used. *People* v. *Nawrocki* (1967), 6 Mich App 46. See 93 ALR2d 1097.

Defendant asserts as error the trial court's failure to give an instruction limiting the jury's consideration of the police informer's testimony of the alleged prior offense. Defendant did not request such an instruction nor was any objection made pursuant to GCR 1963, 516.2. In the absence of a request or proper objection, the trial court was not required to give the limiting instruction now sought. *People* v. *Nawrocki* (1965), 376 Mich 252.

2. *Did the trial court commit error in failing to instruct specifically on the credibility of the police informer's testimony?*

No instruction was requested by defense counsel concerning the credibility of the police informer and therefore this is not a ground for setting aside defendant's conviction. CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052). Further, a trial judge is not required to comment in his instructions concerning a witness's interest. *People* v. *Sawicki* (1966), 4 Mich App 467.

3. *Did the trial court commit error in sentencing defendant in the absence of his counsel?*

Defendant's counsel did not appear on March 8, 1961, when defendant was sentenced. The sentencing transcript contains no waiver of the presence of counsel, nor any mention of defense counsel by the court or defendant. No plea in mitigation was made by defendant, who resolutely maintained his innocence at sentencing.

In *People* v. *Dye* (1967), 6 Mich App 217, 221, this Court held that "sentencing is a critical stage of criminal proceeding and, absent waiver, counsel's presence is required." Defendant's contention that his right to counsel at time of sentencing was violated is correct.

4. *Was defendant's conviction unconstitutionally obtained?*

Defendant contends the illegal sale of narcotics act to be unconstitutional because CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050), set forth *supra*, provides for the admission of testimony which would compel a defendant to take the stand in his own defense contrary to the United States and Michigan Constitutions.[2]

---

[2] US Const, Am 5; Const 1963, art 1, § 17.

We find this contention untenable. Evidence admissible under CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050) is no different from other evidence utilized by the prosecution in obtaining a conviction. It is legitimate and proper evidence, the credibility of which must be passed upon by the jury.

. Defendant also contends his conviction to be unconstitutionally obtained because CL 1948, § 335.68 (Stat Ann 1957 Rev § 18.1088) violates the rule of burden of proof in criminal cases and therefore violates constitutional provisions of due process of law. The statute reads as follows:

"In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this act, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this act, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant."

The statute is a part of the uniform narcotic drug act as enacted in Michigan, CLS 1961, § 335.51 (Stat Ann 1957 Rev § 18.1071) through CLS 1961, § 335.78 (Stat Ann 1968 Cum Supp § 18.1098). Defendant was not charged or convicted under the uniform narcotic drug act, the act to which the above statute applies. His contention is without merit.

Conviction affirmed. Remanded for resentencing with defendant's counsel present.

T. G. KAVANAGH, P. J., and HOLBROOK and BEER, JJ., concurred.